Beth E. Terrell, WSBA #26759
Marc C. Cote, WSBA #39824
Attorneys for Plaintiff
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: mcote@terrellmarshall.com

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD STAPLEMAN, individually and on behalf of all persons similarly situated, | NO. |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| QUALITY INTEGRATED SERVICES, INC., | |
| Defendant. | |

Plaintiff Richard Stapleman ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendant Quality Integrated Services, Inc. ("Defendant" or "QIS"), seeking all available relief under the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and state law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## I. JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the Washington state law claims pursuant 28 U.S.C. § 1367(a) because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claims occurred within this District and Division, and QIS conducts business in this judicial District and Division.

## II. PARTIES

3. Plaintiff Richard Stapleman ("Plaintiff") is a resident of Arizona who was employed by QIS between approximately 1998 and July 2013 in Alabama, Idaho, Louisiana, Maryland, New Jersey, Oregon, Pennsylvania, Texas, Utah, Washington and Wyoming. Plaintiff worked for QIS in this judicial district of Washington for the Northwest Pipeline Project within the last three (3) years.

1  Pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this

2  action. *See* Exhibit A.

3      4.      Defendant Quality Integrated Services, Inc. ("Defendant" or "QIS") is

4  a corporation providing third party services, including inspection, for the

5  construction and maintenance of oil and natural gas transmission, midstream and

6  gathering lines, facility construction, meter runs and many other types of oil and

7  gas construction throughout the United States, including this judicial District.

8      5.      QIS is incorporated in Oklahoma and maintains its corporate

9  headquarters in Oklahoma.

10     6.      QIS employs individuals (including Plaintiff) who perform a variety

11 of services on oil and gas pipelines for energy, public utility and pipeline

12 companies.  QIS' financial results are driven by the number of employees

13 performing services for QIS' customers and the fees that QIS charges the

14 customers for these services.

15     7.      QIS employed Plaintiff and continues to employ similarly situated

16 employees.

17     8.      QIS employs individuals engaged in commerce or in the production of

18 goods for commerce and/or handling, selling, or otherwise working on goods or

19 materials that have been moved in or produced in commerce by any person, as

20 required by 29 U.S.C. §§ 206-207.

21

1    9.    QIS' annual gross volume of business exceeds $500,000.

2    10.    QIS is not an independently owned and controlled local enterprise

3    within the meaning of 29 U.S.C. § 207(b)(3).

### III.  CLASS DEFINITIONS

5    11.    Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a

6    collective action on behalf of himself and the following class of potential FLSA

7    opt-in litigants:

> All current or former employees of Quality Integrated Services, Inc.
> ("QIS"), who performed work in Inspector Positions on the
> Northwest Pipeline Project in the United States and who were paid
> on a day rate basis at any time between January 27, 2013 and the
> present(the "FLSA Class").

11    12.    Plaintiff also brings this lawsuit for Counts II to III as a class action

12    pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All current or former employees of Quality Integrated Services, Inc.
> ("QIS") who performed work in Inspector Positions on the
> Northwest Pipeline Project in the state of Washington, and who
> were paid on a day rate basis at any time between January 27, 2013
> and the present (the "Washington Class").

16    13.    The FLSA Class and the Washington Class are together referred to as

17    the "Classes."

18    14.    Plaintiff reserves the right to re-define the Classes prior to notice or

19    class certification, and thereafter, as necessary.

20

21

# IV. FACTS

15.     QIS contracted with Northwest Pipeline to provide inspectors, including Class Members, for the Northwest Pipeline Project.

16.     Between approximately 1998 and July 2013, Plaintiff was employed as a pipeline inspector with QIS, performing and reviewing inspections on gas pipelines in Alabama, Idaho, Louisiana, Maryland, New Jersey, Oregon, Pennsylvania, Texas, Utah, Washington and Wyoming.  Plaintiff worked for QIS in this judicial district of Washington for the Northwest Pipeline Project within the last three (3) years.

17.     Plaintiff reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiff observed other members of the Class performing the same or substantially similar job duties.

18.     Plaintiff and the Class Members are all blue collar workers who are primarily engaged in manual labor duties.

19.     QIS has a policy or practice of failing to compensate Plaintiff and the Class Members for all overtime hours worked.

20.     QIS paid Plaintiff and the Class Members pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek, including hours worked over forty.

21.     Specifically, QIS paid Plaintiff and the Class Members a specific set amount per each day that they worked, regardless of the number of hours that they worked, and did not pay any overtime for hours worked over forty.

22.     The daily rate compensation system that QIS paid to Plaintiff and the Class Members fails to satisfy the salary basis requirement necessary to qualify for an exemption under the FLSA. *See* 29 C.F.R. § 541.602.

23.     Plaintiff's work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other members of the Class utilizing similar techniques and procedures in the performance of their jobs.

24.     Plaintiff worked within the closely prescribed limits provided by QIS. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other members of the Class working in the same or substantially similar manner.

25.     QIS does not maintain accurate records of all hours that Plaintiff and Class Members worked each workday and the total number of hours worked each workweek as required by the FLSA and Washington state law. *See* 29 C.F.R. § 516.2(a)(7); RCW 49.46.070; WAC 296-128-010.

26.     Plaintiff routinely worked up to seven (7) days per week and typically more than fourteen (14) hours per day, and up to twenty-four (24) hours in a day. Additionally, Plaintiff has sometimes been requested to work around the clock.

1   Plaintiff observed that the Class Members routinely worked similar schedules,

2   which is common in the industry.

3       27.    Specifically, Plaintiff did not receive overtime compensation for any

4   week he worked for QIS within the last three (3) years on the Northwest Pipeline

5   Project.  For example, during weeks when Plaintiff worked seven (7) days per

6   week, between fourteen (14) and sixteen (16) hours per day between January 2013

7   and July 2013 he would work a total of between 98 and 112 hours per week.  In

8   each of these weeks he was not paid any overtime compensation.

9       28.    Plaintiff routinely worked straight through without a meal break or

10  rest break.  Plaintiff observed that Class Members working in the same or

11  substantially similar manner.

12      29.    QIS does not provide Plaintiff and Class Members with specified meal

13  and rest breaks during their scheduled shifts.

14      30.    QIS did not pay Plaintiff and the Class Members any overtime

15  compensation for hours worked over forty (40) per workweek.

16      31.    In 2011, prior to the start of the relevant time period in this case, the

17  United States Court of Appeals for the Tenth Circuit held that a similar

18  compensation scheme by an oilfield services company was not only unlawful, but

19  constituted a willful violation of the FLSA.  *See Mumby v. Pure Energy Servs.*

20  *(USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).  Since Mumby, many oil and

21

gas service companies have reclassified their daily rate workers to come into compliance with the FLSA. QIS, however, has not done so.

32.     QIS has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiff and the Class Members for hours worked in excess of forty (40) during the workweek.

33.     Moreover, during the entire relevant time period, QIS was aware that the Class Members were not properly compensated under the FLSA, because the Class Members' timesheets clearly demonstrate that they were routinely working more than forty (40) hours per week but were not receiving overtime compensation.

## V.  COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

35.     Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opts-in to this action pursuant to 29 U.S.C. § 216(b).

36.     Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to QIS' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action

1  requires inquiry into common facts, including, inter alia, QIS' common

2  compensation, timekeeping and payroll practices.

3       37.    Specifically, QIS paid Plaintiff and the FLSA Class a set amount of

4  pay per day, regardless of the number of hours worked, and failed to pay overtime

5  as required by federal law.

6       38.    The similarly situated employees are known to QIS, are readily

7  identifiable, and may be located through QIS's records, as well as the records of

8  any payroll companies that QIS utilizes.  QIS employs many FLSA Class Members

9  throughout the United States.  These similarly situated employees may be readily

10  notified of this action through direct U.S. mail and/or other appropriate means, and

11  allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of

12  collectively adjudicating their claims for overtime compensation, liquidated

13  damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

14                    **VI.  CLASS ACTION ALLEGATIONS**

15       39.    Plaintiff also brings this action as a class action pursuant to Fed. R.

16  Civ. P. 23 on behalf of herself and the Washington Class, as defined above.

17       40.    The members of the Washington Class are so numerous that joinder of

18  all members is impracticable.  Upon information and belief, there are more than

19  forty (40) members of the Washington Class.

20

21

COLLECTIVE AND CLASS ACTION COMPLAINT - 9

1    41.    Plaintiff will fairly and adequately represent and protect the interests

2    of the Washington Class because there is no conflict between the claims of

3    Plaintiff and those of the Washington Class, and Plaintiff's claims are typical of

4    the claims of the Washington Class.  Plaintiff's counsel are competent and

5    experienced in litigating class actions and other complex litigation matters,

6    including wage and hour cases like this one.

7    42.    There are questions of law and fact common to the proposed

8    Washington Class, which predominate over any questions affecting only individual

9    Class members, including, without limitation: whether Defendant has violated and

10   continues to violate Washington law through its policy or practice of not paying its

11   day rate employees overtime compensation.

12   43.    Plaintiff's claims are typical of the claims of the Washington Class in

13   the following ways: 1) Plaintiff is a member of the Washington Class; 2) Plaintiff's

14   claims arise out of the same policies, practices and course of conduct that form the

15   basis of the claims of the Washington Class; 3) Plaintiff's claims are based on the

16   same legal and remedial theories as those of the Washington Class and involve

17   similar factual circumstances; 4) there are no conflicts between the interests of

18   Plaintiff and the Washington Class members; and 5) the injuries suffered by

19   Plaintiff are similar to the injuries suffered by the Washington Class members.

20

21

44.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Class predominate over any questions affecting only individual Class members.

45.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Washington Class is readily identifiable from Defendant's own employment records.  Prosecution of separate actions by individual members of the Washington Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

46.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for many of the Washington Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.  Without a class action, Defendant will retain the benefit of its wrongdoing, which

will result in further damages to Plaintiff and the Washington Class.  Plaintiff

envisions no difficulty in the management of this action as a class action.  These

similarly situated employees may be readily notified of this action through direct

U.S. mail and/or other appropriate means, and allowed to opt out of it pursuant to

Fed. R. Civ. P. 23(c)(2), for the purpose of adjudicating their claims for overtime

compensation, double damages, interest, and attorneys' fees and costs under the

Washington Minimum Wage Act.

## VII.  COUNT I

### (Violation of the FLSA)

47.    All previous paragraphs are incorporated as though fully set forth

herein.

48.    The FLSA requires that covered employees be compensated for all

hours worked in excess of forty (40) hours per week at a rate not less than one and

one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C.

§ 207(a)(1).

49.    The FLSA provides that, if an employee is paid a flat sum for a day's

work or for doing a particular job, and if he receives no other form of

compensation for services, the employee is entitled to extra half-time pay at his

regular rate for all hours worked in excess of forty (40) in the workweek.  *See* 29

C.F.R. § 778.112.

50.     QIS's compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

51.     QIS knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

52.     During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

53.     In violating the FLSA, QIS acted willfully and/or with reckless disregard of clearly applicable FLSA provisions.

## VIII.  COUNT II

**(Violation of the Washington Minimum Wage Act)
On Behalf of the Washington Class**

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     Overtime compensation due to employees working in Washington is governed by Washington Minimum Wage Act ("WMWA"), RCW 49.46.005, *et seq*.

56.     WMWA requires that employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed.  *See* RCW 49.46.130(1).

57.     The WMWA defines "employer" broadly to include "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee."  RCW 49.46.010(4).

58.     Defendant is subject to the wage requirements of the WMWA because Defendant is an "employer" under RCW 49.46.010(4).

59.     During all relevant times, Plaintiff and the Washington Class are covered employees entitled to the above-described WMWA's protections. *See* RCW 49.46.010(3).

60.     Plaintiff and the Washington Class are not exempt from the requirements of the WMWA.

61.     As a result of Defendant's failure to record, report, credit and/or compensate Plaintiff and the Washington Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the WMWA.

62.     By virtue of Defendant's failure to pay Plaintiff and the Washington Class members the legally required overtime wages for all hours worked in excess of forty (40) hours per week, Defendant violated RCW 49.46.130(1).

63.     As a result of Defendant's violations of RCW 49.46.130, Plaintiff and the Washington Class are entitled to recover from Defendant their unpaid overtime wages together with prejudgment interest, attorneys' fees, and the costs of suit.

## IX.  COUNT III

**(Failure to Provide Rest Breaks and Meal Periods)**
**On Behalf of the Washington Class**

64.     All previous paragraphs are incorporated as though fully set forth herein.

65.     WAC 296-126-092 prohibits an employer from employing an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, or for a work period of three (3) or more hours longer than a normal work day without providing the employee with a second meal period of not less than thirty (30) minutes.

66.     Pursuant to WAC 296-126-092(4) an employee is entitled to a rest break of no less than ten (10) minutes for every four (4) hours of work.   Further, employers are prohibited from employing an employee for a work period of more than three (3) hours without a rest period of less than ten (10) minutes. *Id*.

67.     QIS knowingly failed to provide Plaintiff and the Washington Class with meal periods as required by law, and knowingly failed to provide Plaintiff and the Washington Class rest periods as required by law.

68.     WAC 296-126-092 prohibits any employer from requiring any employee to work during any meal or rest period, and provides that an employer that fails to provide an employee with a required rest or meal period shall compensate that employee for the break period at the employee's regular rate of compensation.

69.     Rest breaks are "hours worked" under Washington law.  Where the missed rest breaks of Plaintiff and the Washington Class Members extended their workweeks beyond forty (40) hours (or where Plaintiff and the Washington Class Members worked over forty (40) hours in a workweek in which QIS failed to provide them rest breaks), Plaintiff and the Washington Class Members are entitled to overtime compensation for their missed rest breaks.

70.     By the actions alleged above, QIS has violated the provisions of WAC 296-126-092.  As a result of these unlawful acts, Plaintiff and the Washington Class have been deprived of compensation in amounts to be determined at trial, and they are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.48.030.

## X.  COUNT IV

**(Willful Refusal to Pay Wages)**
**On Behalf of the Washington Class**

71.     All previous paragraphs are incorporated as though fully set forth herein.

72.     RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

73.     QIS' violations of RCW 49.46.130 and WAC 296-126-092 (as discussed above) were willful and constitute violations of RCW 49.52.050.

74.     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, as well as attorneys' fees and costs.

75.     As a result of the willful, unlawful acts of QIS, Plaintiffs and the Washington Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070, they are entitled to recovery of twice the amount of such damages as well as attorneys' fees and costs.

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, seeks the following relief:

A.      An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C.     An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Washington Class;

D.     Back pay damages (including unpaid overtime compensation and unpaid wages for missed rest and meal breaks) and prejudgment interest to the fullest extent permitted under the law;

E.     Liquidated and exemplary damages to the fullest extent permitted under the law;

F.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.     Such other and further relief as this Court deems just and proper.

**XII.  JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

RESPECTFULLY SUBMITTED AND DATED this 27th day of January, 2016.

TERRELL MARSHALL LAW GROUP PLLC


By:   /s/ Beth E. Terrell, WSBA #26759
      Beth E. Terrell, WSBA #26759

By:   /s/ Marc C. Cote, WSBA #39824
      Marc C. Cote, WSBA #39824
      Attorneys for Plaintiff
      936 North 34th Street, Suite 300
      Seattle, Washington  98103-8869
      Telephone:  (206) 816-6603
      Facsimile:  (206) 319-5450
      Email:  bterrell@terrellmarshall.com
      Email:  mcote@terrellmarshall.com

      Shanon J. Carson, *Pro Hac Vice Motion*
          *Forthcoming*
      Sarah R. Schalman-Bergen, *Pro Hac Vice*
          *Motion Forthcoming*
      Alexandra K. Piazza, *Pro Hac Vice Motion*
          *Forthcoming*
      Camille Fundora, *Pro Hac Vice Motion*
          *Forthcoming*
      Attorneys for Plaintiff
      BERGER & MONTAGUE, P.C.
      1622 Locust Street
      Philadelphia, Pennsylvania 19103
      Telephone: (215) 875-3000
      Facsimile: (215) 875-4604
      Email:  scarson@bm.net
      Email:  sschalman-bergen@bm.net
      Email:  apiazza@bm.net
      Email:  cfundora@bm.net

1    Richard J. (Rex) Burch, *Pro Hac Vice Motion*
         *Forthcoming*
2    James A. Jones, *Pro Hac Vice Motion*
         *Forthcoming*
3    Attorneys for Plaintiff
     BRUCKNER BURCH, PLLC
4    8 Greenway Plaza, Suite 1500
     Houston, Texas 77046
5    Telephone: (713) 877-8788
     Facsimile:  (713) 877-8065
6    Email:  rburch@brucknerburch.com
     Email:  jjones@brucknerburch.com
7
     *Attorneys for Plaintiff and the Proposed Classes*

# Exhibit A

DocuSign Envelope ID: 59810835-D373-4910-BAC0-516CBF4EDE0B

# OPT-IN CONSENT FORM
Unpaid Wages and Overtime Litigation – Quality Integrated Services, Inc.

**Complete And Mail (or Email) To:**
QUALITY INTEGRATED SERVICES, INC. OVERTIME LITIGATION
ATTN: CAMILLE FUNDORA
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA 19103
Email: cfundora@bm.net
Phone: (215) 875-3033
Fax: (215) 875-4604

| Name: Richard Stapleman (Please Print) | Date of Birth: ■■■■■■■ |
|---|---|
| Address: ■■■■■■■ | Phone No.: ■■■■■■■ Email: |

## CONSENT TO JOIN COLLECTIVE ACTION

### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. in connection with the above-referenced lawsuit.

2. I have worked for Quality Integrated Services, Inc. ("Defendant" or "Quality Integrated Services, Inc.") in (**states(s)**) 13 states from on or about (**dates(s)**) 1-6-1998 to on or about (**dates(s)**) 7-15-13 and was paid on a day rate basis.

3. I have worked for Defendant in excess of 40 hours in at least one workweek and have not received any overtime compensation.

4. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. I hereby agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

5. I specifically authorize the Named Plaintiff and his attorneys, Berger & Montague, P.C., as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendant in this case.

| 1/11/2016 (Date Signed) | *Richard Stapleman* (Signature) |
|---|---|

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

COLLECTIVE AND CLASS ACTION COMPLAINT - 22